UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

VICENTE ARTILES,
ORLANDO RODRIGUEZ,
MANUEL V. MILLAN
and other similarly-situated individuals,

   Plaintiffs,

v.

GRANITE SOURCE, CORP.
and CARLOS GONZALEZ, individually

   Defendants,

_____/

COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COME NOW the Plaintiffs, VICENTE ARTILES, ORLANDO RODRIGUEZ, MANUEL

V. MILLAN, and other similarly-situated individuals, by and through the undersigned counsel,

and hereby sue Defendants GRANITE SOURCE, CORP. and CARLOS GONZALEZ,

individually and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of

  the United States.  This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29

  U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiffs VICENTE ARTILES, ORLANDO RODRIGUEZ, and MANUEL V. MILLAN,

  are residents of Miami-Dade County, Plaintiffs are covered employees for purposes of the

  Act.

3. Defendant GRANITE SOURCE, CORP. (hereinafter GRANITE SOURCE, or Defendant) is a Florida corporation, having place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto, Defendant was engaged in interstate commerce.

4. The individual Defendant CARLOS GONZALEZ was and is now, the owner/Director/manager of Defendant Corporation GRANITE SOURCE.

5. All the action raised in this complaint took place in Miami/Dade County Florida, within the jurisdiction of this Court.

<u>GENERAL ALLEGATIONS</u>

6. This cause of action is brought by Plaintiffs VICENTE ARTILES, ORLANDO RODRIGUEZ, MANUEL V. MILLAN, to recover from Defendants unpaid wages, overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

7. Corporate Defendant GRANITE SOURCE is a construction and remodeling Company doing business in Miami-Dade County.

8. Defendant GRANITE SOURCE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a construction Company, and is engaged in interstate commerce. Defendant uses the instrumentalities of interstate commerce. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card

transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore there is FLSA enterprise coverage.

9.  Plaintiffs and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiffs regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

10. Plaintiffs VICENTE ARTILES, ORLANDO RODRIGUEZ, MANUEL V. MILLAN, were hired by Defendants GRANITE SOURCE and CARLOS GONZALEZ, as hourly, non-exempt, construction employees, as many others similarly situated employees.

11. Plaintiffs VICENTE ARTILES, ORLANDO RODRIGUEZ, MANUEL V. MILLAN, were promised a wage rate of $10.00 an hour, or $400.00 weekly.

12. Plaintiffs VICENTE ARTILES, and ORLANDO RODRIGUEZ worked for GRANITE SOURCE 40 hours each week for a period of 8 weeks.  However, Defendant GRANITE SOURCE did not pay Plaintiffs for their hard earned wages.

13. Plaintiff MANUEL V. MILLAN worked for Defendant GRANITE SOURCE for a period of approximately 31 weeks. During his time of employment, Plaintiff worked in excess of 40 hours in every week period.  Nevertheless, Plaintiff was not paid for all his regular and overtime hours at the rate of time and a half his regular rate, as stablished by the Fair labor Standards Act.

14. Plaintiffs VICENTE ARTILES, ORLANDO RODRIGUEZ, and MANUEL V. MILLAN, seek to recover for unpaid wages accumulated during all their time of employment, as allowable by law.

15. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

16. Plaintiffs VICENTE ARTILES, ORLANDO RODRIGUEZ, and MANUEL V. MILLAN, Plaintiff left their employment with Defendants GRANITE SOURCE and CARLOS GONZALEZ for the same reason, because they did not receive due wages.

17. Plaintiffs VICENTE ARTILES, ORLANDO RODRIGUEZ, and MANUEL V. MILLAN seek to recover minimum and overtime wages and any other relief as allowable by law.

18. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants GRANITE SOURCE and CARLOS GONZALEZ who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid minimum and overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

## COUNT I:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS AS TO PLAINTIFF VI CENTE ARTILES

19. Plaintiff VICENTE ARTILES re-adopts each and every factual allegation concerning to him, as stated in paragraphs 1-18 of this complaint as if set out in full herein.

20. This action is brought by Plaintiff and those similarly-situated to recover from the Employer GRANITE SOURCE unpaid minimum wages, as well as an additional amount

as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

21. The Employers GRANITE SOURCE, at all times pertinent to this Complaint, were engaged in interstate commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).  Otherwise satisfy the Act's requirements. Therefore, there is FLSA enterprise coverage.

22. The Plaintiff's work for the Defendant likewise affects interstate commerce. Plaintiff was a construction employee and through his daily activities he regularly, handled, or otherwise worked on goods and/or materials that have been moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

23. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

    (1) except as otherwise provided in this section, not less than—

         (A) $5.85  an hour, beginning on the 60th day after May 25, 2008;

         (B) $6.55 an hour, beginning 12 months after that 60th day; and

         (C) $7.25 an hour, beginning 24 months after that 60th day

24. Defendants GRANITE SOURCE, and CARLOS GONZALEZ employed Plaintiff VICENTE ARTILES as hourly, non-exempt, full time construction employee from approximately from May 28, 2015 to July 28, 2015, or 8 weeks.

25. During his relevant employment period with Defendants, Plaintiff maintained a regular schedule, Plaintiff worked an average of 40 hours weekly. (2.5 hours representing lunch

time have been deducted). However, Plaintiff was not paid his regular wages at any rate. Plaintiff was not paid even at the minimum wage rate as required by law.

26. The records, if any, concerning the number of hours actually worked by Plaintiff VICENTE ARTILES, and all other similarly- situated employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant.  However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

27. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

28. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

    a. <u>Total amount of alleged unpaid wages</u>:

        Two Thousand Three Hundred Twenty Dollars and 00/100 ($2,320.00)

    b. <u>Calculation of such wages</u>:

        Total unpaid weeks:  8 weeks
        Total hours worked: 40 hours weekly

        2015 Minimum wage $7.25, paid $0.00 per hour, differential $7.25

        $7.25 x 40 hours worked = $290.00 x 8 weeks = $2,320.00

    c. <u>Nature of wages</u>:

        This amount represents unpaid minimum wages.

29. Defendant  GRANITE  SOURCE  unlawfully  failed  to  pay  Plaintiff  minimum  wages. Plaintiff seeks to recover for minimum wage violations accumulated from the date of hire through Plaintiff's last date of employment.

30. Defendant GRANITE SOURCE knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these minimum wages since the commencement of Plaintiff and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.  Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

31. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

32. At the times mentioned, individual Defendant CARLOS GONZALEZ was the owner/director/manager of GRANITE SOURCE.  Defendant CARLOS GONZALEZ was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of GRANITE SOURCE in relation to its employees, including Plaintiff and others similarly situated. Defendants CARLOS GONZALEZ had absolute financial and operational control of the Corporation, determined terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly liable for Plaintiff's damages.

33. Defendants GRANITE SOURCE, and CARLOS GONZALEZ willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remains owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants or as set forth above.

34. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff VICENTE ARTILES and those similarly-situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff VICENTE ARTILES and against the Defendants GRANITE SOURCE, CORP. and CARLOS GONZALEZ on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff VICENTE ARTILES and those similarly-situated demand trial by jury of all issues triable as of right by jury.

**COUNT II:**
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS AS TO PLAINTIFF ORLANDO RODRIGUEZ**

35. Plaintiff ORLANDO RODRIGUEZ re-adopts each and every factual allegation concerning to him, as stated in paragraphs 1-18 of this complaint as if set out in full herein.

36. This action is brought by Plaintiff and those similarly-situated to recover from the Employer GRANITE SOURCE unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

37. The Employers GRANITE SOURCE, at all times pertinent to this Complaint, were engaged in interstate commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).  Otherwise satisfy the Act's requirements. Therefore, there is FLSA enterprise coverage.

38. The Plaintiff's work for the Defendant likewise affects interstate commerce. Plaintiff was a construction employee and through his daily activities he regularly, handled, or otherwise worked on goods and/or materials that have been moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

39. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

    (1) except as otherwise provided in this section, not less than—

        (A) $5.85  an hour, beginning on the 60th day after May 25, 2008;

        (B) $6.55 an hour, beginning 12 months after that 60th day; and

        (C) $7.25 an hour, beginning 24 months after that 60th day

40. Defendants GRANITE SOURCE, and CARLOS GONZALEZ employed Plaintiff ORLANDO RODRIGUEZ as hourly, non-exempt, full time construction employee from approximately from May 28, 2015 to July 28, 2015, or 8 weeks.

41. During his relevant employment period with Defendants, Plaintiff maintained a regular schedule, Plaintiff worked an average of 40 hours weekly. (2.5 hours representing lunch time have been deducted). However, Plaintiff was not paid his regular wages at any rate. Plaintiff was not paid even at the minimum wage rate as required by law.

42. The records, if any, concerning the number of hours actually worked by Plaintiff ORLANDO RODRIGUEZ, and all other similarly- situated employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant.  However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

43. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

44. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

   a.  Total amount of alleged unpaid wages:

   Two Thousand Three Hundred Twenty Dollars and 00/100 ($2,320.00)

   b.  Calculation of such wages:

   Total unpaid weeks:  8 weeks
   Total hours worked: 40 hours weekly

   2015 Minimum wage $7.25, paid $0.00 per hour, differential $7.25

   $7.25 x 40 hours worked = $290.00 x 8 weeks = $2,320.00

   c.  Nature of wages:

   This amount represents unpaid minimum wages.

45. Defendant GRANITE SOURCE unlawfully failed to pay Plaintiff minimum wages. Plaintiff seeks to recover for minimum wage violations accumulated from the date of hire through Plaintiff's last date of employment.

46. Defendant GRANITE SOURCE knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these minimum wages since the commencement of Plaintiff and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

47. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

48. At the times mentioned, individual Defendant CARLOS GONZALEZ was the owner/director/manager of GRANITE SOURCE. Defendant CARLOS GONZALEZ was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of GRANITE SOURCE in relation to its employees, including Plaintiff and others similarly situated. Defendants CARLOS GONZALEZ had absolute financial and operational control of the Corporation, determined terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly liable for Plaintiff's damages.

49. Defendants GRANITE SOURCE, and CARLOS GONZALEZ willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and

remains owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants or as set forth above.

50. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff ORLANDO RODRIGUEZ and those similarly-situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff ORLANDO RODRIGUEZ and against the Defendants GRANITE SOURCE, CORP. and CARLOS GONZALEZ on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff ORLANDO RODRIGUEZ and those similarly-situated demand trial by jury of all issues triable as of right by jury.

<u>**COUNT III:**</u>
<u>**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO**</u>
<u>**PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS**</u>
<u>**AS TO PLAINTIFF MANUEL V. MILLAN.**</u>

51. Plaintiff MANUEL V. MILLAN re-adopts each and every factual allegation concerning to him, as stated in paragraphs 1-18 of this complaint as if set out in full herein.

52. This action is brought by Plaintiff and those similarly-situated to recover from the Employer GRANITE SOURCE unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

53. The Employers GRANITE SOURCE, at all times pertinent to this Complaint, were engaged in interstate commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).  Otherwise satisfy the Act's requirements. Therefore, there is FLSA enterprise coverage.

54. The Plaintiff's work for the Defendant likewise affects interstate commerce. Plaintiff was a construction employee and through his daily activities he regularly, handled, or otherwise worked on goods and/or materials that have been moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

55. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

 (1) except as otherwise provided in this section, not less than—

    (A) $5.85  an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day; and

    (C) $7.25 an hour, beginning 24 months after that 60th day

56. Defendants GRANITE SOURCE, and CARLOS GONZALEZ employed Plaintiff MANUEL V. MILLAN as hourly, non-exempt, full time construction employee from approximately from January 22, 2015 to August 31, 2015 or 31 weeks.

57. During his relevant employment period with Defendants, Plaintiff maintained a regular schedule, Plaintiff worked an average of more than 40 hours weekly. However, Plaintiff was not paid his regular wages at any rate, for at least 6 weeks. Plaintiff was not paid even at the minimum wage rate as required by law.

58. The records, if any, concerning the number of hours actually worked by Plaintiff MANUEL V. MILLAN, and all other similarly- situated employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant.  However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

59. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

60. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

    a.  Total amount of alleged unpaid wages:

        One Thousand Seven Hundred Forty Dollars and 00/100 ($1,740.00)

    b.  Calculation of such wages:
        Total weeks of employment: 31 weeks
        Total unpaid weeks:  6 weeks
        Total hours worked: 40 hours weekly

        2015 Minimum wage $7.25, paid $0.00 per hour, differential $7.25

        $7.25 x 40 hours worked = $290.00 x 6 weeks = $1,740.00

    c.  Nature of wages:

This amount represents unpaid minimum wages.

61. Defendant GRANITE SOURCE unlawfully failed to pay Plaintiff minimum wages. Plaintiff seeks to recover for minimum wage violations accumulated from the date of hire through Plaintiff's last date of employment.

62. Defendant GRANITE SOURCE knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these minimum wages since the commencement of Plaintiff and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.  Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

63. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

64. At the times mentioned, individual Defendant CARLOS GONZALEZ was the owner/director/manager of GRANITE SOURCE.  Defendant CARLOS GONZALEZ was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of GRANITE SOURCE in relation to its employees, including Plaintiff and others similarly situated. Defendants CARLOS GONZALEZ had absolute financial and operational control of the Corporation, determined terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly liable for Plaintiff's damages.

65. Defendants GRANITE SOURCE, and CARLOS GONZALEZ willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remains owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants or as set forth above.

66. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff MANUEL V. MILLAN and those similarly-situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff MANUEL V. MILLAN and against the Defendants GRANITE SOURCE, CORP. and CARLOS GONZALEZ on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff MANUEL V. MILLAN and those similarly-situated demand trial by jury of all issues triable as of right by jury.

**COUNT IV:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS**
**AS TO PLAINTIFF MANUEL V. MILLAN**

67. Plaintiff MANUEL V. MILLAN re-adopts each and every factual allegation concerning to him, as stated in paragraphs 1-18 above as if set out in full herein.

68. This cause of action is brought by Plaintiff MANUEL V. MILLAN as a collective action to recover from Defendants overtime compensation, liquidated damages, costs and reasonably attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after July 2014, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

69. Defendant GRANITE SOURCE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a construction Company, and is engaged in interstate commerce. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore there is FLSA enterprise coverage.

70. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

71. Defendants GRANITE SOURCE, and CARLOS GONZALEZ employed Plaintiff MANUEL V. MILLAN as hourly, non-exempt, full time construction employee from approximately from January 22, 2015 to August 31, 2015 or 31 weeks.

72. Plaintiff was an hourly employee, hired to work 5 days/40 hours per week, with a wage rate of $10.00 an hour or $400.00 weekly.

73. During his relevant employment period with Defendants, Plaintiff maintained a regular schedule. Plaintiff worked from Monday to Friday from 8:00 AM to 8:00 PM (12 hours each day); on Saturdays Plaintiff worked from 8:00 AM to 4:00 PM (8 hours). Thus, Plaintiff worked a total of 68 hours weekly. Plaintiff was unable to take any bona bide lunch breaks.

74. Plaintiff worked in excess of 40 hours every week period. However, Plaintiff was paid for just 40 regular hours or $400.00 per week. Plaintiff's overtime hours were not paid at any rate, not even the minimum wage rate.

75. Therefore, Plaintiff was not paid for overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

76. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

77. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain time accurate records of hours worked by Plaintiff and other employees.

78. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

79. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages  is as follows:

   * Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.

   a.  Total amount of alleged unpaid O/T wages:

   Thirteen Thousand Twenty Dollars and 00/100 ($13,020.00)

   b.  Calculation of such wages:

   Relevant weeks of employment:  31 weeks
   Total hours worked:  68 hours weekly
   Total overtime hours: 28 hours
   Regular rate: $10.00 x 1.5= $15.00 O/T rate

   $15.00 O/T rate x 28 O/T hours=$420.00 x 31 weeks=$13,020.00

   Nature of wages (e.g. overtime or straight time):

   This amount represents unpaid overtime wages.

80. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

81. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set

forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

82. At the times mentioned, individual Defendant CARLOS GONZALEZ was the owner/director/manager of GRANITE SOURCE.  Defendant CARLOS GONZALEZ  was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of GRANITE SOURCE in relation to its employees, including Plaintiff and others similarly situated. Defendants CARLOS GONZALEZ had absolute financial and operational control of the Corporation, determined terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly liable for Plaintiff's damages.

83. Defendants GRANITE SOURCE, and CARLOS GONZALEZ willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

84. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff MANUEL V. MILLAN and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff MANUEL V. MILLAN and other similarly-situated individuals and against the Defendants GRANITE SOURCE, and CARLOS GONZALEZ on the basis of Defendants' willful violations of the Fair Labor Standards

Act, 29 U.S.C. § 201 et seq.; and

B.   Award Plaintiff MANUEL V. MILLAN actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C.   Award Plaintiff an equal amount in double damages/liquidated damages; and

D.   Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.   Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff MANUEL V. MILLAN demands trial by jury of all issues triable as of right by jury.

Dated:  August 11, 2016

Respectfully submitted

By:  _/s/ **Zandro E. Palma**____
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiffs*